F I L E D
In Open Court
USDC, Mass.
Date 5/21/14
By JG
Deputy Clerk



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*



---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 17, 2014

Behzad Mirashem
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, Massachusetts 02210

      Re:    *United States v. David Minasian,*
             Criminal No. 13-10099-WGY

Dear Counsel:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, David Minasian ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to so much of the sole count in which he is named in the above-referenced Indictment as it charges: sex trafficking of children, in violation of 18 U.S.C. §1591(a) and (b)(2). Defendant expressly and unequivocally admits that he committed the crime charged in as much of Count One of the Indictment that charges a violation of 18 U.S.C. §1591(a) and (b)(2), did so knowingly, and is in fact guilty of that offense.

2.    <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on Count One of the Indictment: (a) incarceration for a period of at least 10 years (mandatory minimum), up to life; (b) supervised release for a minimum period of five years, up to life; (c) a fine of up to $250,000; (d) a mandatory special assessment of $100; (e) restitution and (f) forfeiture to the extent charged in the Indictment.

Defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state

of his residence. Failure to go so many violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. §2250.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

### 3.     Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

### 4.     Sentencing Guidelines

The U.S. Attorney agrees to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"):

The U.S. Attorney agrees with respect to the application of the USSG that:

(i)     in accordance with USSG §4B1.1, Defendant's base offense level is 37, because Defendant is a career offender and the instant offense of conviction is a felony that is a crime of violence;

(ii)     in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

2

      (a)      Fails to admit a complete factual basis for the plea;

      (b)      Fails to truthfully admit Defendant's conduct in the offense of conviction;

      (c)      Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (d)      Fails to provide truthful information about Defendant's financial status;

      (e)      Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (f)      Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

      (g)      Intentionally fails to appear in Court or violates any condition of release;

      (h)      Commits a crime;

      (i)      Transfers any asset protected under any provision of this Agreement; or

      (j)      Attempts to withdraw Defendant's guilty plea.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.      Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

      (a)      incarceration for a term between 156 months and 180 months;

      (b)      a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

      (c)      60 months of supervised release;

      (d)      a mandatory special assessment of $100;

      (e)      $4,000 in restitution; and

(f)      forfeiture as set forth in Paragraph 9.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a).

6.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.      Waiver of Right to Appeal and to Bring Future Challenge

(a)      Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal").  Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b)      Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise) such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this

> Agreement, the parties intend that Defendant will receive the benefits of
> the Agreement and that the sentence will be final.

(c)     The U.S. Attorney agrees that she will not appeal the imposition by the
        Court of the sentence agreed to by the parties as set out in Paragraph 5,
        even if the Court rejects one or more positions advocated by either party at
        sentencing.

(d)     Notwithstanding the previous subparagraphs, Defendant reserves the right
        to claim that Defendant's lawyer was ineffective in connection with the
        negotiation of this plea agreement or the entry of the guilty plea.

### 8.     Probation Office Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations
under the USSG are not binding upon the United States Probation Office.

### 9.     Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles,
currency, or other personal property seized by the United States, or seized by any state or local
law enforcement agency and turned over to the United States, during the investigation and
prosecution of this case, and consents to the forfeiture of all such assets.

### 10.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil
liability, including but not limited to any tax liability, Defendant may have incurred or may incur
as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of
this Agreement.

### 11.    Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court
reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this
Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant
agrees to waive any defenses based upon the statute of limitations, the constitutional protection
against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that
could have been timely brought or pursued as of the date of this Agreement.

### 12.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of
this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated
any condition of Defendant's pretrial release, or has committed any crime following Defendant's
execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her

commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea. Defendant further understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Leah Foley.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: Cynthia A. Young
Chief, Criminal Division

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

David Minasian
Defendant

Date: 5/21/14

I certify that David Minasian has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Behzad Mirhashem
Attorney for Defendant

Date: 5/21/14

7